IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GIBSON, | : |
| | : 1:10-cv-2348 |
| Plaintiff, | : |
| | : Hon. John E. Jones III |
| v. | : |
| | : Hon. Martin C. Carlson |
| U.S. SUPREME COURT CLERK, | : |
| *et al.*, | : |
| | : |
| Defendants. | : |

## MEMORANDUM

### December 7, 2010

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc.3), filed on November 16, 2010 which recommends that we dismiss the instant civil action filed by prodigious *pro se* filer Jeffrey Gibson ("Plaintiff" or "Gibson"). Objections to the R&R were due by December 3, 2010. Rather than file objections, on November 17, 2010, Plaintiff filed a document entitled "Motion to U.S. Judge Jones on elegal Report and Ruling by U.S. Magistrate Carlson [*sic*]..." and brief in support thereof. (Docs. 4 and 5). This submission, although not styled as such, is

essentially Petitioner's objections to the R&R. Accordingly, this matter is ripe for our review.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Gibson, a prolific *pro se* litigant[1], filed the instant "extraordinary writ of habeas corpus" (Doc. 1) on May 14, 2010. The complaint names the clerk of the Supreme Court and all federal judges as Defendants. In his pleading, Gibson discusses his own theories on taxing and monetary policy in this country, and then seeks wide-ranging relief, including an order granting his motion "invoking U.S. constitutional marshal status," as well as damages in the amount of "11 million United States dollars." (Doc. 1).

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. §

---

[1] Gibson has filed at least 28 cases in federal court over the years, many of which have been promptly dismissed by the courts.

636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Within the R&R, Magistrate Judge Carlson conducted a preliminary review of this *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, Magistrate Judge Carlson assessed whether the complaint failed to state a claim upon which relief may be granted, concluding that it does.

As Magistrate Judge Carlson aptly notes, this action is subject to dismissal on multiple grounds. First, the Plaintiff's confusing complaint clearly violates Rule 8's requirement that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Second, this action is barred by collateral estoppel, inasmuch as Plaintiff has brought the same claims and sought the same relief in two previous cases before this Court, both of which have been dismissed. Third, the doctrine of judicial immunity and quasi-judicial immunity bars this action, to the extent it seeks to hold federal judges and judicial clerks personally liable for damages.

Finally, the doctrine of sovereign immunity bars the claims by Gibson against the United States.

Petitioner's objections, filed in the form of a "motion" provide us with no valid reason to disagree with Magistrate Judge Carlson's appropriate recommendation of dismissal in this matter. Accordingly, we shall adopt the R&R. An appropriate Order shall issue.